## (October 26, 1967)

■ ELDRIDGE E. HUNT, Respondent, v. NIAGARA COUNTY BOARD OF SUPERVISORS et al., Appellants.

Memorandum: Defendants appeal from an order of Niagara Special Term which granted summary judgment in favor of plaintiff declaring that she was lawfully appointed as a member of the Niagara County Civil Service Commission for a term of six years beginning June 1, 1964. By resolution adopted June 2, 1942 the Niagara County Board of Supervisors adopted the form of Civil Service Administration known as County Civil Service Commission to consist of three persons, one to be appointed for a six-year term, one for a four-year term and one for a two-year term and at the expiration of such terms the office of each Commissioner should be six years. Section 4 of chapter 790 of the Laws of 1958 which became effective on April 1, 1959 provides: "Term of office of county civil service commissioner. Notwithstanding the provisions of any general, special or local law or charter, where the present term of office of a county civil service commissioner expires on a date other than May thirty-first of an even numbered year, the vacancy created thereby shall be filled by appointment for an interim term to expire on May thirty-first of the next succeeding even numbered year. On and after the expiration of such interim term, the six year term of office of each commissioner shall commence on June first of the even numbered year in which the term of his predecessor expires." On April 1, 1959, the Commissioners in office were Blackman who had been appointed for a six-year term to begin July 1, 1954, which term would expire June 30, 1960; Swift who had been appointed June 4, 1956 for a six-year term to begin July 1, 1956 and expire June 30, 1962; Buri who had been appointed July 1, 1958 for a six-year term to begin July 1, 1958 and expire June 30, 1964. The first term to expire after chapter 790 became effective was Blackman's whose term expired June 30, 1960. The supervisors complying with section 4 of chapter 790 appointed Moose to a

two-year term to expire May 31, 1962 instead of a six-year term as they would have done but for the provisions of section 4 and at the end of the two-year term on May 31, 1962 they appointed Moose to a six-year term to expire May 31, 1968. When Swift's term expired in 1962 the supervisors appointed Fermoile to a two-year term until May 31, 1964. After Buri resigned, the supervisors on February 4, 1964 appointed plaintiff to Buri's unexpired term to end June 30, 1964 but on May 19, 1964 they appointed plaintiff to a six-year term to expire in 1970. On the same date they appointed Fermoile to a six-year term to also expire in 1970. To give effect to plaintiff's six-year appointment would upset the plan of section 15 that one term would expire every two years and would leave the commission with no term expiring in 1966; one term expiring in 1968 and two terms expiring in 1970. The only way to cure the error in plaintiff's 1964 appointment was to do what was done, that is to treat it as a two-year appointment expiring May 31, 1966. Irrespective of any question of whether the original terms set up by the June 2, 1942 resolution should have been made to expire on May 31, a situation developed whereby they did not so expire. That situation could not have been corrected by appointment for five years and 11 months because terms were fixed by law at six years. Section 4 applies: "Notwithstanding the provisions of any general special or local law or charter, where the present term * * * expires on a date other than May thirty-first". The order should be reversed and summary judgment granted in favor of defendants declaring that plaintiff's term expired on May 31, 1966. (Appeal from order of Niagara Special Term denying defendants' motion for summary judgment, granting plaintiff's cross motion for summary judgment.) Present — Bastow, J. P., Henry, Del Vecchio and Marsh, JJ.